[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11332
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00124-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC HOLMES,
a.k.a. James Steadman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 21, 2012)

Before DUBINA, Chief Judge, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Eric Holmes appeals his conviction and 120-month sentence after

a jury found him guilty of being a felon in possession of a firearm, in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The evidence at trial showed that Holmes possessed a .357 caliber revolver outside a convenience store in Savannah, Georgia, fled from the investigating police officers, and was ultimately detained despite resisting arrest.  On appeal, Holmes argues that the district court (1) abused its discretion in admitting into evidence two recorded 911 calls placed by an employee of the convenience store; (2) plainly erred in its oral jury charge by varying from the written final jury instructions; and (3) imposed a substantively unreasonable sentence.

### I.

We review a district court's determination of the admissibility of hearsay for abuse of discretion.  *United States v. Miles*, 290 F.3d 1341, 1351 (11th Cir. 2002) (per curiam).  We will not reverse an erroneous evidentiary ruling unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights."  *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990).  "[W]here an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted."  *Id.*

"Hearsay" is a statement that: (1) the declarant makes outside of court; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement.  Fed. R. Evid. 801(c).  Hearsay is not admissible unless specifically excepted by statute or rule.  Fed. R. Evid. 802.

2

Federal Rule of Evidence 803(1) provides that statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it," also known as "present sense impressions," are exceptions to the rule against hearsay. Fed. R. Evid. 803(1). "The underlying theory of this exception is that the substantial contemporaneity of the event and the statement negate the likelihood of deliberate or conscious misrepresentation." *United States v. Scrima*, 819 F.2d 996, 1000 (11th Cir. 1987) (internal quotation marks and citation omitted).

Rule 803(2) creates an exception for "excited utterances" which are statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). We have explained that the excited utterance exception does not require that the statement be made contemporaneously with the startling event. *United States v. Belfast*, 611 F.3d 783, 817 (11th Cir. 2010). Rather, courts ruling on the exception should consider the totality of the circumstances to determine if the declarant was still under the stress or excitement of the startling event at the time she made the statement. *Id.*

Out-of-court statements offered for a reason other than the truth of the matter asserted are not hearsay, and Rule 802 does not bar their admission. *United States v. Hawkins*, 905 F.2d 1489, 1494 (11th Cir. 1990). We have held that

3

explaining why an investigation was launched is a permissible, non-hearsay purpose. *Id.* at 1495. Statements to law enforcement officers generally may be admitted as non-hearsay for the limited purpose of explaining the course of the officers' investigative actions. *United States v. Baker*, 432 F.3d 1189, 1208 n.17 (11th Cir. 2005). However, in order to be admissible, the probative value of the statement's non-hearsay purpose must not be substantially outweighed by the danger of unfair prejudice to a party.

We conclude from the record that the district court did not abuse its discretion in finding that the recorded 911 calls were admissible, if hearsay, as both present sense impressions and excited utterances. Even if the district court erred in admitting the content of the 911 calls as non-hearsay statements not offered for the truth of the matter asserted, we conclude that such error was harmless because (1) the court properly admitted the content of the calls as hearsay exceptions; and (2) sufficient trial evidence independent of the contested 911 calls established Holmes's guilt. The district court's admission of the 911 caller's statements into evidence had no substantial influence on the outcome of the case.

## II.

"We review the legal correctness of a jury instruction *de novo* but defer to the district court on questions of phrasing absent an abuse of discretion." *United States v. Mintmire*, 507 F.3d 1273, 1292–93 (11th Cir. 2007). "District courts have

broad discretion in formulating jury instructions, so long as the charge as a whole accurately reflects the law and facts," and we will only reverse a conviction when the court inaccurately presented the issues of law, or its "charge improperly guided the jury in such a substantial way as to violate due process." *Id*. at 1293 (internal quotation marks omitted).  However, when the defendant fails to object to the jury charge as read at trial prior to the jury retiring, we review the claim for plain error only.  *United States v. Schlei*, 122 F.3d 944, 973 (11th Cir. 1997).  When analyzing a claim under the plain-error standard, we look to see (1) whether the district court committed error; (2) whether the error was plain; and (3) whether the error affected a substantial right.  *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006) (per curiam).  Error affects substantial rights when it affects the outcome of the proceeding.  *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778.  In order to be reversible, this error also must "seriously affect[] the fairness, integrity[,] or public reputation of judicial proceedings." *Id*. at 732, 113 S. Ct. at 1776 (internal quotation marks omitted).

As a whole, we conclude that the district court's instructions accurately reflected the law.  Although the court deviated from the scripted written instructions, Holmes does not meet his burden of showing that any error in the court's oral statement was plain error or that any error of the court affected the outcome of the proceedings—that, but for the wording choices of the court,

5

Holmes would not have been convicted as charged.  Holmes does not show that the court committed plain error that affected his substantial rights.

## III.

We review a sentence imposed by the district court for reasonableness and evaluate the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  Although we do not apply a presumption of reasonableness for sentences falling within the guidelines range, "ordinarily we would expect a sentence within the Guidelines range to be reasonable."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

We review the totality of the facts and circumstances to gauge for substantive error.  *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc).  The party challenging the sentence has the burden to establish that the sentence is unreasonable.  *Talley*, 431 F.3d at 788.  The relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  *Id.*  The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (summarizing 18 U.S.C. § 3553(a)).  The weight given to any factor "is a matter committed to the sound discretion of the district court."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted).  We may vacate a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* (internal quotation marks omitted).

We conclude from the record that Holmes has not met his burden of showing that his 120-month sentence was substantively unreasonable.

## IV.

For the aforementioned reasons, we affirm Holmes's conviction and sentence.

**AFFIRMED.**

7